UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

DAVID SOTO            )
                      )
    Plaintiff,        )
                      )   No. 13 C 4561
                      )
                      )   Hon. John J. Tharp, Jr.
NURSE JEFFERSON, et al., )
                      )
    Defendants        )

## MEMORANDUM OPINION AND ORDER

Plaintiff, David Soto, presently a prisoner at the Big Muddy River Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs when they failed to provide him certain prescribed medication. The defendants have moved to dismiss the plaintiff's claims for failure to state a claim. For the reasons stated below, the defendants' motion is denied.

## Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Also, it is well-established that courts construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The court can consider extrinsic documents that are referenced in the complaint and are central to the plaintiff's claims, or documents that are of the type of which the court may take judicial notice without converting the motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). In addition, "[t]o the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence." *Phillips v. Prudential Ins. Co. of America*, 714 F.3d 1017, 1020 (7th Cir. 2013).

### Allegations

Soto alleges that he received surgery related to Crohn's disease on October 28, 2012.[1] He was scheduled for a follow-up examination on November 13, 2012, and the gastrointestinal specialist that performed the surgery "wanted" individuals at Cook County Jail to order the antibiotic Metronidazole following the surgery. Soto was examined by the gastrointestinal specialist on November 13, 2012, and "he ordered antibiotics" for Soto. He did not receive any

---

[1] Chron's disease is a chronic inflammatory condition of the gastrointestinal tract. According to the Crohn's & Colitis Foundation of America, approximately 70% of those with Crohn's disease require surgery at some point. See www.ccfa.org (last visited July 21, 2015).

antibiotics, however, and began asking the nursing staff about the antibiotics the next day. Soto also complained of extreme pain to no avail. The defendant nurses failed to help Soto receive his antibiotics. On November 28, 2012, Soto filed a grievance regarding not receiving his medication. On December 10, 2012, he was seen by Dr. Mohamid. At that time, Dr. Mohamid told Soto, "I'm sorry. I didn't see the doctor's orders, so I'll put it in now." That day, Dr. Mohamid ordered antibiotics for Soto.

Soto alleges that the Defendants failed to "look" for the orders for medication that were prescribed by his gastrointestinal specialist and a shared network with Cook County Jail and/or also failed to review the "yellow folder" that includes the handwritten notes of the doctors. The failure to do so resulted in a delay in Plaintiff receiving his antibiotics and pain medication.

## Analysis

On preliminary review pursuant to 28 U.S.C. § 1915A, Sota was allowed to proceed on his deliberate indifference to medical care claim against Dr. Mohamid and Nurses Jefferson, Washington and Jones. The Court's order was without prejudice to the defendants' right to challenge the sufficiency of the complaint and they have now asserted that the complaint fails to state a valid claim against the defendants.

Pretrial detainees have a right to adequate medical treatment under the Fourteenth Amendment. *See Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). Claims of deliberate indifference to a serious medical need of a pretrial detainee under the Fourteenth Amendment use the same standard for deliberate indifference to a serious medical need applied to Eighth Amendment claims for convicted prisoners. *See Williams*, 509 F.3d at 401. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical

3

needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would know that a doctor's attention was needed. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005); *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Here, Soto has pleaded a serious medical condition and the defendants do not maintain to the contrary.

As to the subjective element, to establish a deliberate indifference claim, a prisoner must demonstrate that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The fact that a prisoner has received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action," as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999); *Allen v. Wexford Health Sources, Inc.*, No. 11 C 3834, 2011 WL 2463544, *1 (N.D. Ill. Jun. 17, 2011) (Kocoras, J.).

The defendants primarily argue that Plaintiff's claims are grounded in his allegation that the defendants knew of Plaintiff's needed medical care based on a prescription by his gastrointestinal specialist on November 13, 2014. The defendants argue, however, that the grievance Soto refers to in his amended complaint states that no medication was prescribed by his gastrointestinal specialist on that date (or at all). Thus, the defendants argue that Soto pleaded himself out of court because they could not have been deliberately indifferent to his serious medical needs because no medication was ever prescribed by any physician at that time. The grievance form is not dispositive, however; it also indicates that there was information in the clinical record corroborating that the gastrointestinal specialist had indicated that Soto should receive antibiotics. See Dkt. 75-1 ("There is documentation in the clinical record that the MD at GI clinic wanted it ordered."). While there may have been no entry in the computerized record system, there was nevertheless information that, according to Soto, could have—and should have—been accessed by the defendants, particularly in light of the fact that Soto had recently had surgery and his complaints of pain and statements advising the defendant nurses that he was supposed to be receiving antibiotics.

Soto alleges that he informed the defendant nurses about the needed antibiotics the next day, and that he was experiencing extreme pain. The defendant nurses allegedly failed to help Soto receive his antibiotics. He also alleges that when he was seen by Dr. Mohamid, the doctor told him, "I'm sorry. I didn't see the doctor's orders, so I'll put it in now." In addition, Soto alleges that the defendants failed to review the "yellow folder" that would have alerted them to his needed medication. These allegations suffice, if barely, to support a plausible claim that the

5

defendants intentionally or recklessly ignored Soto's need for medication and so suffice to state a claim for deliberate indifference to his serious medical needs.

The defendants also argue that Soto's general allegations that he informed the defendant nurses that he needed his medication is too general to adequately state a claim. Soto specifically alleges, however, that he informed the three defendant nurses about his needed medication and pain over a short time period and that none of them helped him. Again, these allegations are sufficient to put the defendant nurses on notice of the claim against them and the grounds in which the claim is based.

## **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [75] is denied. Plaintiff's response in opposition to Defendants' motion, docketed as Plaintiff's motion to continue amended complaint [77], is termed as a pending motion. Defendants' answer shall be filed by August 14, 2015. A status hearing is scheduled for August 18, 2015, at 9:00 a.m..

Dated:  7/27/15

_____
United States District Judge